BRANDON et al. v. MILLER et al.

(Circuit Court, E. D. Georgia, S. D. August 19, 1902.)

1. CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS—BUILDING ASSOCIATION LAW OF GEORGIA.

The statute of Georgia relating to building and loan associations is not so clearly in violation of the constitutional provision prohibiting any state from denying to any person within its jurisdiction the equal protection of the laws, because of its permitting such associations to take interest which would render other contracts usurious, as to authorize a federal court to declare it invalid after it has been sustained by the supreme court of the state.

In Bankruptcy.

John R. L. Smith and W. C. Snodgrass, for creditors.

J. H. Merrill and Washington Dessau, for Thomasville Real Estate & Improvement Co.

SPEER, District Judge. This is a matter largely within state control. The state may or may not permit its people to be subjected to usurious charges. This being true, it is, as stated, a question of state polity, and, if no general question of commercial law is involved, the ruling of the supreme appellate court of the state must control. Since the state courts uphold this act, their conclusions are apparently binding on the United States courts. It is further said that the building and loan association laws of Georgia are obnoxious to the last clause of section 1 of the fourteenth amendment to the constitution of the

United States, which provides that "no state shall deny to any person within its jurisdiction the equal protection of the laws." It is difficult to perceive, however, how an act creating institutions of this general character, and authorizing them to make usurious charges upon citizens of the state who voluntarily enter into the contracts contemplated, is such a violation of this clause of the constitution as will justify a judgment of the national courts annulling such legislation. Certainly it may be said that there is at least fair doubt about the constitutionality of these enactments, and cases of doubt on such topics should always be resolved in favor of the constitutionality of the law. Besides, in this case, Brandon, a principal complainant assailing this law, has been from the beginning, and is now, a director and one of the principal stockholders in the building and loan association involved. Since he has for years taken benefits under this legislation, the court will not give a ready acquiescence to his complaint that the law itself is null and void, when the arguments advanced in his behalf to show unconstitutionality are at least of doubtful validity.

The legislation is not injurious. The classification of persons with whom these building and loan associations can deal are not indicated in a capricious or arbitrary manner. The law itself is intended to enable citizens of urban and suburban communities to build and own their homes. Surely, this is a meritorious purpose; one which the state may and ought to promote. The citizen who owns his home is usually a conservator of the best interests of the state and of the municipality. It is, indeed, difficult to perceive how this legislation is prejudicial to any one in view of any clause of the constitution of the United States. No penalty is imposed on the unwilling and no unequal operation of the law inflicted, as in Connolly's Case, cited in 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679. The debtor voluntarily assumed his attitude toward the building and loan association. As to whether the enactment under consideration is class legislation as denounced by the state constitution, it seems that we are also concluded by the decisions of the supreme appellate court of the state.

Upon the whole, while the court has been much impressed with the ability and learning of the argument presented by the complainants' counsel, the correctness of their propositions that the building and loan association law of the state is in violation of the constitution of the United States is unsatisfactory, and, the doubt remaining, under the familiar rule, must be resolved in favor of the state law.

For these reasons the court feels obliged to deny the relief sought. We will, however, accept the voluntary proposition of defendants' counsel, made in judicio, that the sale of the property in question shall not be valid unless confirmed by order of the court.